UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| XU XIAOLONG<br>    #A-94222214 | CIVIL ACTION NO. 6:15-cv-2190 |
| VS. | SECTION P |
| | JUDGE HAIK |
| LORETTA LYNCH, ET AL. | MAGISTRATE JUDGE HANNA |

REPORT AND RECOMMENDATION

    Currently before the court is a petition for federal *habeas corpus* relief filed by *pro se* petitioner Xu Xiaolong pursuant to 28 U.S.C. §2141 on August 14, 2015.  When he filed this Petition, petitioner was detained at the South Louisiana Correctional Center in Basile, Louisiana.  However, it appears that petitioner has been transferred or released from custody as this Court's most recent Order, dated August 18, 2015, has been returned to the Court marked "Attempted - Not Known".  [rec. doc. 4].  Thus, petitioner's current address is unknown.  Furthermore, petitioner has not been in contact with this Court since August 14, 2015 when he filed his Petition.  [*See* rec. doc. 1].

    In his Petition, petitioner, a citizen of China, alleges that he was ordered removed on May 13, 2013, and that his removal order is final.  Petitioner further alleges that he was taken into ICE custody in October, 2014 and that he has remained in ICE custody since that date.  However, despite his cooperation, the

ICE has been unable to remove him to China. Thus, petitioner claims that he has been in post-removal-order custody pursuant to INA § 241 in excess of both the statutory 90 day removal period and the jurisprudential six month removal period, and that his detention therefore violates the Constitution and principles set forth by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Accordingly, petitioner seeks his release from custody.

Because petitioner's pleadings were deficient, on August 18, 2015, the Court ordered petitioner to file a standardized petition and seek in *forma pauperis* status to cure deficiencies noted by this Court. Petitioner was expressly advised that his failure to Comply with the Court's Order would result in his action being stricken. This Court's compliance deadline expired on September 17, 2015. To date, petitioner has never filed a standardized petition nor sought in *forma pauperis* status as Ordered.

## *Law and Analysis*

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action on motion of the defendant "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." The district court also has the inherent authority to dismiss an action *sua sponte* for failure of a plaintiff to

prosecute or to comply with any order of the court. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Plaintiff has failed to comply with an Order directing him to file a standardized petition and seek in *forma pauperis* status. This failure on his part warrants dismissal.

Further, dismissal is mandated under Local Rule 41.3. Rule 41.3 authorizes a dismissal for failure to prosecute when a *pro se* litigant fails "to promptly notify the court in writing of an address change . . . when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional

conduct." *Id*.

The requirements for a dismissal with prejudice are satisfied in this case. Petitioner has ignored this Court's Order directing him to file a standardized petition and seek in *forma pauperis* status. Moreover, petitioner has not communicated with this Court since August 14, 2015. Thus, it appears that petitioner is no longer interested in pursuing his claims in this Court.[1] Furthermore, since petitioner has not paid this Court's filing fee nor sought *in forma pauperis* status, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Thus, dismissal of this case may be the least sanction available. Under these circumstances dismissal with prejudice is warranted.

For the above reasons,

**IT IS RECOMMENDED** that the instant federal habeas corpus petition be **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure and alternatively, under Local Rule 41.3 of the United States District Court for the Western District of Louisiana.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of

---

[1] The Court notes that petitioner was apparently transferred to the Alexandria Staging Facility, a short term facility for the purpose of housing aliens who are scheduled to be released or removed.

this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, on September 18, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: __9/21/2015__
BY: _____EFA_____
TO: _____RTH_____
        pj